UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONNA WEISER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:16-cv-01519-AGF |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Donna Weiser was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. For the reasons set forth below, the decision of the Commissioner will be affirmed.

## BACKGROUND

Plaintiff, who was born on February 15, 1962, filed her application for benefits on February 15, 2013, alleging disability beginning January 1, 2009, due to emphysema, breathing issues, chemically induced asthma, spinal deterioration, bone thinning, and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit.

1

hypersensitivity to citric acid. On June 12, 2013, Plaintiff's application was denied at the initial administrative level, and she thereafter requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on November 17, 2014, at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. Following the hearing, the ALJ submitted written interrogatories to the VE, and permitted Plaintiff's counsel, upon review of the VE's responses, to submit additional interrogatories to the VE and/or to request a supplemental hearing with an opportunity to question the VE. Tr. 256. By decision dated June 18, 2015, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "light work" as defined by the Commissioner's regulations, except:

> [Plaintiff] should never climb ropes, ladders or scaffolds but is able to occasionally climb ramps and stairs. She is able to occasionally stoop, kneel, crouch and crawl. [She] should avoid all exposure to citric acid and derivatives thereof, as well as lung irritants such as smoke, fumes and dust. She should avoid all exposure to unprotected heights, unprotected moving parts of machinery and unprotected hazards. [She] is limited to routine, repetitive tasks with occasional to no direct interaction with the public, and occasional interaction with supervisors. [Her] ability to interact with co-workers is limited to contact that is casual and infrequent.

Tr. 16.

The ALJ next found that Plaintiff could perform certain light unskilled jobs listed in the Dictionary of Occupational Titles ("DOT") (mail sorter, stamper/marker, and router), which the VE had stated by interrogatory response that a hypothetical person with Plaintiff's RFC and vocational factors (age, education, work experience) could perform and that were available in significant numbers in the national economy. Accordingly, the

ALJ found that Plaintiff was not disabled under the Social Security Act. Plaintiff's request for review by the Appeals Council of the Social Security Administration was denied on July 21, 2016. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

The single argument Plaintiff makes before this Court is that the ALJ "failed to precisely describe the Plaintiff's impairments in the hypotheticals offered to the [VE]." ECF No. 18 at 16. Specifically, Plaintiff argues that the following limitation included in the ALJ's hypothetical question to the VE (and in the RFC the ALJ ultimately assigned to Plaintiff) was impermissibly vague: "occasional to no direct interaction with the public." Plaintiff argues that the hypothetical was faulty because it made "no clear statement as to whether the interaction with the public is limited to occasional or to none at all—the limitation cannot be both." *Id.* at 17. Because the hypothetical question was improper, Plaintiff argues, the ALJ erred in relying on the VE's response to it in determining that jobs exist in significant numbers which a person with Plaintiff's RFC could perform.

**Agency Records, Medical Records, Evidentiary Hearing, and ALJ's Decision**

The Court adopts the statement of facts set forth in Plaintiff's brief (ECF No. 18 at 2-15), as amended by Defendant (ECF No. 25-1), except for paragraph 72, in which Plaintiff states that on July 24, 2012, she was evaluated by Wayne Stillings, M.D. "who concluded that Plaintiff did have a panic disorder and adjustment disorder with depression." ECF No. 18 at 15. As Defendant correctly notes in response to Plaintiff's statement of facts, the portion of the record cited by Plaintiff reflects that Dr. Stillings

3

concluded that Plaintiff's panic disorder and adjustment disorder with depression were both "resolved, pre-existing." Dr. Stillings further assigned Plaintiff a global assessment of functioning ("GAF") score of 80-85,[2] indicating "no psychiatric symptoms/functioning well from an emotional standpoint)." Tr. 818-19. The Court also adopts Defendant's unopposed statement of additional facts (ECF No. 25-2). These statements provide a fair description of the record before the Court. Specific facts will be discussed as needed to address the parties' arguments.

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016)

---

[2] "GAF scores are not determinative of RFC, but they offer some evidence of a claimant's ability to function." *Hensley v. Colvin*, 829 F.3d 926, 933 n.3 (8th Cir. 2016) (citations omitted).

4

(citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). As indicated above, the Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a severe impairment or combination of impairments.

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work. If the claimant cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age,

education, and work experience. *See, e.g., Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). When a claimant cannot perform the full range of work in a particular category of work (medium, light, and sedentary) listed in the regulations, the ALJ must produce testimony by a VE (or other similar evidence) to meet the step-five burden. *See Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006).

**Hypothetical Question to the VE**

An ALJ "may rely on a [VE's] response to a properly formulated hypothetical question to meet her burden of showing that jobs exist in significant numbers which a person with the claimant's [RFC] can perform." *Gann v. Berryhill*, 864 F.3d 947, 952 (8th Cir. 2017). But the VE's response "constitutes substantial evidence only when based on a properly phrased hypothetical question. Unless the hypothetical question comprehensively describes the limitations on a claimant's ability to function, a [VE] will be unable to accurately assess whether jobs do exist for the claimant." *Id.* (citations omitted).

Here, the ALJ's hypothetical was not rendered improper merely because it included the phrase "occasional to no direct interaction with the public." "Occasional" is a commonly-used term in the social security context, and the Court agrees with Defendant that, although the ALJ expressed the limitation in terms of a range, what the ALJ meant was that the hypothetical person was limited to no more than occasional interaction with the public. The VE did not express any difficulty understanding the ALJ's hypothetical, and if Plaintiff, who was represented by counsel, believed clarification was necessary, she

could have submitted further questions to the VE or requested a supplemental hearing. *See Rice v. Astrue*, No. 5:07CV189-J, 2008 WL 2945948, at *5 (W.D. Ky. July 25, 2008) ("The VE apparently did not find the limitations presented by the ALJ to be insufficiently specific . . . [, and] if the plaintiff believed that the limitations were too 'vague,' he should have explored the matter at the hearing by way of cross-examination of the VE, rather than first complaining upon judicial review.").

More importantly, Plaintiff has not alleged, and there is no evidence in the record to support, that her impairments limited her to less than occasional public interaction, or to no such interaction. As the ALJ noted, although Plaintiff claimed that she had a history of panic attacks and anxiety, there was no evidence that she pursued or received treatment for any alleged mental impairment during the relevant period. Tr. 19-20. And Plaintiff's activities of daily living involved regular exposure to others, including playing games and watching movies with friends, shopping, and going to restaurants on special occasions. Tr. 20, 206-08.

In short, the Court finds that ALJ's hypothetical question to the VE was not erroneous, and as the ALJ's findings are supported by substantial evidence on the record as a whole, the Court will affirm the Commissioner's decision.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 26th day of September, 2017.